# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DANNY TATE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:12-CV-269 PS |
| | ) |
| SUPERINTENDENT, New | ) |
| Castle Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Danny Tate, a prisoner confined at the New Castle Correctional Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. On April 14, 1998, Tate pled guilty in the Grant Superior Court to aggravated battery and criminal deviate conduct and, on April 20, 1998, the court sentenced him to fifty years imprisonment (DE 6-1 at 5; DE 6-3).

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides that a petition for a writ of habeas corpus that seeks federal collateral relief from a state conviction must be filed within one year of the latest occurring of four events: (1) the date on which the judgment became final by the conclusion of direct review; (2) the date on which an unconstitutional impediment to appeal, created by the state, has been removed; (3) the date on which the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled during the period in "which a properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n. 6 (1987). Rule 19 of the Indiana Rules of Criminal Procedure provides that a "Notice of Appeal . . . must be filed within thirty (30) days after the date of sentencing." Tate was sentenced on April 20, 1998 (DE 6-1 at 5), so the thirty days within which he had to file a notice of appeal expired on May 20, 1998. Because Tate did not file a notice of appeal by that deadline, his statute of limitations began to run on May 20, 1998, and expired on May 20, 1999, unless it was tolled.

The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Petitioner filed a motion for modification of sentence on October 20, 1999, which was denied the following day (DE 6-1 at 5). On March 22, 2000, Tate filed a second motion for sentence modification which the trial court denied on March 30, 2000 (DE 6-1 at 6). On January 22, 2009, Tate filed a petition for post-conviction relief (DE 6-1 at 12), which the trial court denied on November 13, 2009 (DE 6-1 at 14). Tate did not appeal the trial court rulings denying his motions for modification of sentence or his petition for post-conviction relief (DE 6-1).

The Petitioner's sentence modification requests and his petition for post-conviction relief did not toll the statute of limitations because the statute of limitations had already expired before he filed any of them. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an untimely state postconviction petition does not toll the statute of limitations"). The Clerk did not receive Tate's habeas petition until May 30, 2012, over

thirteen years after the statute of limitations expired. Accordingly, the petition is untimely under § 2244(d)(1)(A).

The petition is also untimely under the balance of the provisions in § 2244(d)(1). The Petitioner does not allege that there was any impediment to timely seeking collateral review of his conviction in state court. Accordingly, the federal claims are barred as untimely under 28 U.S.C. § 2244(d)(1)(B). The claims Tate presents in his petition for writ of habeas corpus are not founded nor are they alleged to be founded on new law made retroactively applicable to cases on collateral review or on facts that could not previously have been discovered with the exercise of due diligence. Thus, the petition is also barred as untimely under 28 U.S.C. § 2244(d)(1)(C) and (D).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner "must make a substantial showing of the denial of a constitutional right" by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotations omitted).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, a petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, a petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

3

For the reasons stated above, I conclude that this petition is barred by the statute of limitations. The Petitioner has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, I decline to issue the Petitioner a certificate of appealability.

For the foregoing reasons, this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1) (DE 1) is DISMISSED. The Clerk is DIRECTED to close this case, and the Petitioner is DENIED a certificate of appealability.

**SO ORDERED**.

ENTERED: November 15, 2012    s/ Philip P. Simon
                              PHILIP P. SIMON, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT